\*\* **E-filed February 8, 2011** \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYLVIA JONES,<br><br>        Plaintiff,<br>  v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>        Defendants.<br>_____/ | No. C10-05681 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 4]** |

**BACKGROUND**

This action arises out of a mortgage loan involving plaintiff Sylvia Jones ("Jones") and defendants Citimortgage, Inc. ("Citimortgage"), Five Star Service Corporation ("Five Star"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"[1]) and that is secured by Jones's residential real property in San Jose, California. See Docket No. 1 ("Notice of Removal"), Ex. A ("First Amended Complaint" or "FAC"), ¶¶ 8-28. Broadly speaking, Jones challenges the validity of events related to her purported default on the loan and the subsequent foreclosure on her property. See id.

As a result, Jones instituted this action in Santa Clara County Superior Court in November 2010. See FAC. She alleges seven claims, two of which arise under federal law. As for her federal

---
[1] Jones also included First American Title/Lenders Adv. as a defendant, but it appears that she has not served it with the complaint and summons. In fact, counsel for First American Trustee Servicing Solutions LLC (erroneously sued by Jones as First American Title/Lenders Adv.) mailed Jones a letter dated January 31, 2011 notifying her that service had not been completed. Docket No. 20. As such, it is not included with Defendants here.

claims, she alleges that Citibank and MERS both violated the Real Estate Settlement Procedures Act ("RESPA"), 15 U.S.C. § 2605, et seq., and that Citibank violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. FAC, ¶¶ 61-73. As for her state law claims, she alleges claims against Defendants for the cancellation of the notice of default pursuant to California Civil Code § 3412, et seq.; to quiet title; for "fraud per se"; for breach of fiduciary duty; and she also seeks a preliminary injunction. FAC, ¶¶ 29-60.

Defendants timely removed the case to this Court on December 14 on the basis of federal question jurisdiction. See Notice of Removal. They thereafter filed the instant motion to dismiss Jones's First Amended Complaint. Docket No. 4 ("Motion"). Jones opposed the motion (Docket No. 9 ("Opp'n")), and oral argument was set for February 8, 2011. However, Jones declined the undersigned's jurisdiction on February 7, and so this Court orders that the Clerk of the Court reassign this case to a district court judge.

## LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007). Yet only plausible claims for relief with survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the

2

[plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)), amended on other grounds by 275 F.3d 1187 (9th Cir. 2001).

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

## DISCUSSION

A. Jones's Federal Claims

Jones's complaint contains two federal claims, both of which are analyzed in turn below.

1. Jones's RESPA Claim against Citimortgage and MERS

In her sixth cause of action, Jones alleges that Citimortgage and MERS violated RESPA by failing to properly respond to her qualified written request of November 29, 2009. FAC, ¶¶ 61-67 (citing 28 U.S.C. § 1605).

Defendants first argue that Jones's claim should be dismissed because she does not allege that either Citimortgage or MERS are a loan "servicer" during any relevant time, which is critical since only a loan servicer need respond to a qualified written request. Motion at 8; see also 12 U.S.C. § 2605(e). A loan servicer is "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). "Servicing," in turn, is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such

3

1  other payments with respect to the amounts received from the borrower as may be required pursuant
2  to the terms of the loan." 12 U.S.C. § 2605(i)(3).

3  Defendants are correct that Jones did not allege that either Citimortgage or MERS are a loan
4  "servicer" or allege any facts to support such a finding. See generally, FAC; *see* 12 U.S.C. §
5  2605(i)(3); Gusenkov v. Washington Mutual Bank, F.A., No. C09-04747 SI, 2010 WL 2612349, at
6  *4 (N.D. Cal. June 24, 2010). In her opposition, Jones describes Citimortgage as the servicer of her
7  loan (Opp'n at 11-12), but statements made in an opposition brief cannot cure a deficient complaint.
8  Thus, Jones's RESPA claim fails on this basis.

9  Defendants also argue that Jones did not allege the contents of her purported qualified
10  written request or that those contents related to the servicing of her loans. Motion at 8. RESPA
11  requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written
12  request from the borrower (or an agent of the borrower) for information relating to the servicing of
13  such loan, the servicer shall provide a written response acknowledging receipt of the correspondence
14  within 20 days . . . unless the action requested is taken within such period." 12 U.S.C. §
15  2605(e)(1)(A). However, "[n]ot all requests that relate to the loan are related to the *servicing* of the
16  loan." Williams v. Wells Fargo, N.A., No. C 10-00399 JF (HRL), 2010 WL 1463521, at *3 (N.D.
17  Cal. Apr. 13, 2010) (emphasis in original) (citations omitted). "A loan servicer only has a duty to
18  respond if the information request is related to loan servicing." Copeland v. Lehman Brothers Bank,
19  FSB, No. 09cv1774-WQH-RBB, 2010 WL 2817173, at *3 (S.D. Cal. Jul. 15, 2010).

20  While Jones alleges that she sent Citimortgage and MERS an eleven-page qualified written
21  request, she does not attach a copy of the letter nor does she make any attempt to describe what
22  information she requested. FAC, ¶ 62. Without this information, there is no way to determine if her
23  request related to the servicing of her loan, and so her RESPA fails on this basis as well.

24  Defendants further argue that Jones did not allege any actual damages resulting from any
25  failure to respond to her purported qualified written request. Motion at 8-9. Under RESPA, a
26  plaintiff may recover any actual damages as a result of the failure to respond to a qualified written
27  request, along with "any additional damages, as the court may allow, in the case of a pattern or
28  practice of noncompliance with the requirements of this section, in an amount not to exceed

4

1  $1,000." 12 U.S.C. § 2605(f)(1).  Thus, RESPA has been interpreted to require a showing of
2  pecuniary damages in order to state a claim.  See Hutchinson v. Delaware Sav. Bank FSB, 410
3  F.Supp.2d 374, 383 (D.N.J. 2006) (finding that "[p]laintiffs must, at a minimum, also allege that the
4  breach resulted in actual damages"); see also Herrera v. Countrywide Homes Loans, No. C10-00902
5  JF (HRL), 2010 WL 1839010, at *5 (N.D. Cal. May 4, 2010); Reynoso v. Paul Financial, LLC, No.
6  09-03225 SC, 2009 WL 3833298, at *7 (N.D. Cal. Nov. 16, 2009).

7  Jones alleges that "[a]s a direct and proximate result of Defendants' failure to respond to
8  Plaintiff's [qualified written request], Plaintiff has suffered loss, damage, and harm, and is entitled
9  to an award of damages on account thereof in such sum as may accord with proof at trial." FAC, ¶
10  66.  She seeks "any actual damages to the Plaintiff as a result of [Defendants'] failure that include
11  pain and suffering" and "any additional damages in the case of a pattern or practice of
12  noncompliance with the requirements of this section, in an amount not to exceed $1,000." Id., ¶ 67.
13  Jones's allegations, however, are conclusory, and she has not alleged any other facts showing <u>how</u>
14  she suffered harm.  See Gusenkov v. Washington Mutual Bank, F.A., 2010 WL 2612349, at *5.
15  Accordingly, Jones's RESPA fails on this basis, too.

16  For these reasons, this Court recommends that Jones's RESPA claim be dismissed without
17  prejudice.

18  2. Jones's FCRA Claim against Citimortgage

19  As her seventh cause of action, Jones alleges that Citimortgage "willfully and knowingly
20  reported to the credit bureaus" that she had agreed to a deed in lieu and that it did so "with the intent
21  to harm" her credit and her employability.  FAC, ¶ 69.  As such, she alleges that Citimortgage acted
22  in violation of 15 U.S.C. § 1681s-2(a), which imposes a duty on furnishers of information to credit
23  reporting agencies to report accurate information.  Id., ¶ 70.

24  The FCRA was enacted to ensure that credit reporting agencies use reasonable procedures
25  which ensure fairness, impartiality, accuracy, and confidentiality.  See 15 U.S.C. § 1681.  However,
26  as Citimortgage correct points out, enforcement of 15 U.S.C. § 1881s-(2)(a) is limited to federal

agencies and officials and state officials. 15 U.S.C. § 1681s-2(d). Thus, because Jones alleges a violation of that provision, her claim must fail.[2]

Thus, this Court recommends that Jones's claim under 15 U.S.C. § 1681s-2(a) be dismissed with prejudice.

B. Jones's State Claims

Jones has failed to sufficiently allege a federal claim (and one of them should be dismissed without leave to amend). Her remaining five claims all arise under California law. Although a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," id. § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."). Because it is not clear that Plaintiffs can state a viable federal claim, the Court recommends that supplemental jurisdiction not be exercised over Plaintiffs' state law claims at this time.

C. Jones's Various Requests for Judicial Notice

In three separate papers, Jones asks the Court to take judicial notice of several documents: (1) a Substitution of Trustee related to the property at issue that was recorded with the Santa Clara County Recorder's Office on June 23, 2008; (2) an Assignment of Deed of Trust related to the

---

[2] Unlike FCRA Section 1681s-2(a), Section 1681s-2(b) is privately enforceable. Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002). This provision imposes a duty of reinvestigation on furnishers of information to credit reporting agencies, once a furnisher receives notice of a dispute regarding the accuracy of information they provided to a credit reporting agency. 15 U.S.C. § 1681s-2(b)(1). However, a furnisher's duty under this provision is triggered only after the consumer notifies the credit reporting agency, and the credit reporting agency then notifies the furnisher of credit. Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002).

property at issue that was recorded with the Santa Clara County Recorder's Office on June 23, 2008; (3) documents from various websites displaying information purportedly related to a Citimortgage employee; (4) various assignments of mortgages related to various properties not at issue in this action; (5) an unrelated bankruptcy decision issued by the United States Bankruptcy Court for the Eastern District of California; and (6) correspondence related to Jones's request for Senator Barbara Boxer to investigate alleged improprieties surrounding her mortgage. See Docket Nos. 11-13.

In deciding a motion to dismiss, the court is ordinarily limited to only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG, LLP, 476 F.3d 756, 763 (9th Cir. 2007). A court may take judicial notice of facts that are not subject to reasonable dispute. FED. R. EVID. 201. Such facts include matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Because the Substitution of Trustee and Assignment of Deed of Trust that are related to the property at issue were recorded with the Santa Clara County Recorder's Office (Docket No. 11, Exs. 1, 2), they are relevant matters of public record and judicial notice of them may be taken. The other documents either are not matters of public record, not related to this action, or contain facts that could be subject to reasonable dispute, and so this Court recommends that judicial notice not be taken of them.

**CONCLUSION**

Because Jones declined the undersigned's jurisdiction, this Court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly-assigned district court judge grant Defendants' motion to dismiss for the reasons described above.

**IT IS SO ORDERED.**

Dated: February 8, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

7

United States District Court
For the Northern District of California

1  **C10-05681 HRL Notice will be electronically mailed to:**

2  Brian Stratton Whittemore    bwhittemore@bledsoelaw.com
Glenn Harlan Wechsler      glenn@glennwechsler.com, larry@glennwechsler.com
3  Peter James VanZandt       pvanzandt@bledsoelaw.com, bwhittemore@bledsoelaw.com,
                                     cvillavert@bledsoelaw.com
4
**Notice will be provided by other means to:**
5
Sylvia Jones
6  Post Office Box 6043
Santa Clara, CA 95056
7
**Counsel are responsible for distributing copies of this document to co-counsel who have not
8  registered for e-filing under the court's CM/ECF program.**

8